**Opinion issued October 23, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00654-CV

———————————

**AUGUST WADE, Appellant**

**V.**

**BACON CORPORATION, Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-43682**

---

## MEMORANDUM OPINION

Appellant, August Wade, has filed a notice of appeal of the trial court's interlocutory order denying his motion for sanctions against appellee, Bacon Corporation. Bacon has filed a motion to dismiss the appeal for lack of jurisdiction, contending that the order is interlocutory and not appealable.

We dismiss the appeal.

In the underlying proceedings, Wade sued Bacon for negligence, alleging that he sustained injuries when he slipped and fell while shopping at a grocery store owned and operated by Bacon. Wade moved for sanctions against Bacon, asserting that it had destroyed "video footage surrounding the incident" and requesting the trial court to give a spoliation instruction to the jury.[1] The trial court denied the motion, and Wade filed a notice of appeal. In his notice of appeal and appellant's brief, Wade states that the appeal is an accelerated appeal of an interlocutory order. However, he does not point to any authority that authorizes an interlocutory appeal of an order denying sanctions and has not responded to Bacon's motion to dismiss the appeal.

Generally, appellate courts only have jurisdiction over appeals from final judgments. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An appellate court has jurisdiction to consider an appeal from an interlocutory order only if a statute explicitly authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2018) (authorizing

---

[1] *See Brookshire Bros. v. Aldridge*, 438 S.W.3d 9, 22–23 (Tex. 2014) (discussing "spoliation instruction" as remedy for spoliation of evidence).

appeals from certain interlocutory orders). Here, the trial court's order is not a final judgment that disposes of all pending issues and parties in the underlying case. *See Lehmann*, 39 S.W.3d at 205 (explaining final judgment must dispose of all pending claims and parties or "clearly and unequivocally state[] that it finally disposes of all claims and all parties"). The order is an interlocutory order for which an appeal is not authorized by statute. We, therefore, do not have jurisdiction over the appeal. *See In re J.R.*, No. 05-15-01315-CV, 2016 WL 1072500, at *1 (Tex. App.—Dallas Mar. 17, 2016, no pet.) (mem. op.) (dismissing appeal of discovery sanctions order because it was not appealable interlocutory order or final judgment); *cf. Miner Dederick Constr., LLP v. Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 465 (Tex. App.—Houston [1st Dist.] 2013), *pet. denied*, 455 S.W.3d 164 (Tex. 2015) (addressing trial court's denial of spoliation sanctions in appeal of final judgment).

Accordingly, we grant Bacon's motion to dismiss and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.